**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GILBERT ACOSTA and** | § | |
| **All others similarly situated** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:15-cv-00845** |
| | § | |
| **SMOB, LLC d/b/a SMOB SERVICES** | § | |
| **and BRINKERHOFF INSPECTION,** | § | |
| **INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Now comes Gilbert Acosta ("Plaintiff"), and complains against SMOB LLC d/b/a SMOB Services ("Defendant" or "SMOB") and for cause of action would show the Court as follows:

### I.
### INTRODUCTION

1.      Plaintiff brings individual action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. and New Mexico Minimum Wage Act ("NMMWA").

**2.**      Plaintiff seeks declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendant's willful failure to pay overtime to Plaintiff, in the course of his employment with the Defendant.

### II.
### JURISDICTION AND VENUE

3.      The Plaintiff's claims arise under Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

**4.**      This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state claim under the New Mexico Minimum Wage Act ("NMMWA"). Like his FLSA claims, Plaintiff must show that he was not paid overtime pay for all hours worked. As such, the claims arise "from a common nucleus of operative fact." *See United Mine Works of Am. V. Gibb*s, 383 U.S. 715, 725 (1966).

5.      Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Western District of Texas.

### III.
### PARTIES

6.      Plaintiff Gilbert Acosta currently resides in Puerto Rico.

7.      Other similarly situated individuals were subject to the same pay policies and practices as Plaintiff.

8.       Defendant SMOB, LLC d/b/a SMOB Services is a Texas Corporation.

9.      Defendant SMOB Services, may be served through its Registered Agent, Bront L. Bird, located at 6915 E. 60th, Odessa, TX  79762 or at any other place it may be found.

10.      Defendant Brinkerhoff Inspection, Inc. is a foreign corporation that does business in the State of Texas and is registered with the Texas Secretary of State.

11.      SMOB acquired Brinkerhoff Inspection in 2015.

12.     Defendant Brinkerhoff Inspection may be served through its Registered Agent, Sara Kate Billingsley, at 3800 E. 42nd Street, Suite 601, Odessa, TX 79762.

## IV.
## COVERAGE OF THE FLSA

13.     At all material times, Defendant has been an employer within the meaning of the FLSA.

9.     At all material times, Defendant has operated an enterprise within the meaning of the FLSA.

10.     At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

11.     At all material times, Plaintiff and Class Members were individual employees who were engaged in commerce as required by the FLSA.

## V.
## FACTUAL ALLEGATIONS

12.     At all times relevant to this action, SMOB has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*. and New Mexico Minimum Wage Act ("NMMWA").

13.     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

14.     SMOB specializes in coil tubing completion technology.

15.     Plaintiff's and Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training.

3

16.     The manual labor duties performed by Plaintiff and Class Members were non-exempt work.

17.     Plaintiff worked for SMOB from August 2014 to August 2015 as a Crew Member and Crew Hauler.

18.     SMOB sent Plaintiff and Class Members to work at multiple customers' job sites in New Mexico and Texas.

19.     The individual who drives the group of Crew Members is called the Crew Hauler.

20.     The Crew Hauler drive pickup trucks that weigh less than 10,000 pounds. Crew Haulers do not transport goods or materials in interstate commerce.

21.     Plaintiff and Crew Haulers do not have the authority to hire or fire or discipline other employees.

22.     Other than making sure the Crew Members get to the job site, the Crew Hauler has the same job duties as a Crew Member.

23.     The Plaintiff, Crew Members and Crew Hauler are all supervised by a Casing Manager at the job site.

24.     Plaintiff and the Class Members performed job duties that were manual in nature.

25.     Plaintiff and Class Members' job would entail taking the caps off both ends of the drill pipe, tally them, drift them, wash them, and then throw away or collect the caps depending on what the drill site manager instructed them to do.

26.     Drifting the pipes involved shoving a twenty to ninety-three pound length of metal in the middle of the pipe. This would remove debris from inside the pipe, and show if there is a hole or air vent in it.

27.     In order to tally the pipes, Crew Members would measure them to the tenth of an inch.

28.     Pipe Inspectors make sure that the pipes are in usable, serviceable condition. They make sure there are no cracks or inconsistencies in the pipes. If there are problems with the tubing, Pipe Inspectors can weld, reface and repair the pipe to return it to good working condition.

29.     Plaintiff and Class Members work in New Mexico on a regular basis. For example, Gilbert Acosta worked in New Mexico one to four times a month, or about once a week.

30.     Plaintiff and Class Members were on call twenty-four hours a day, seven days a week. They worked seven days a week for weeks at a time.

31.     Plaintiff and Class Members worked at least 10-12 hours a day, and often worked as much as 18-20 hours a day.

32.     Plaintiff and Class Members work from 80 to 100 hours per week.

33.     For example, during December 2014, Gilbert Acosta worked about 18 hours a day for two weeks straight. His schedule was so hectic that did not return home between jobs but slept in his truck instead

34.     On April 10, 2015 Gilbert Acosta worked from 5am to 8pm. On April 13, 2015, he worked from 12pm to 10pm. On April 15, he worked from 5am to 6pm.

35.     Plaintiff and Class Members did not clock in and out at work.

5

36.     SMOB did not keep any records of the hours worked by Plaintiff, Crew Members or Crew Haulers.

37.     SMOB paid Plaintiff and Class Members a Piece Rate for each pipe they tallied and a job bonus for each job they worked.

38.     SMOB promised and paid Plaintiff and Class Members a job bonus of $50 for each job that was properly completed.

39.     SMOB eventually cut the job bonus by 20% for Plaintiff and Class Members.

40.     SMOB did not pay Plaintiff and Class Members overtime for hours worked in excess of 40 in a workweek.

41.     Plaintiff and Class Members regularly worked in excess of 40 hours a week, but did not receive overtime compensation.

42.     SMOB did not pay Plaintiff and Class Members a fixed salary.

43.     SMOB did not pay Plaintiff and Class Members a fixed salary of at least $455 per week.

44.     Crew Haulers were not paid for drive time in between job sites.

45.     Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked.  29 C.F.R. 785.33-785.41.

46.     Numerous employees have been the subject of victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

47.     Numerous other employees who worked with Plaintiff performed the same job duties, were paid in the same manner, and did not receive overtime compensation.

48.     Plaintiff is are aware that the illegal pay practices of Defendants have been imposed on other Class Members.

## VI.
## OVERTIME VIOLATION UNDER THE FLSA

49.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

50.     According to the FLSA, non-exempt employees must be paid an overtime wage equal to one and one-half times their hourly rate. An employee's hourly rate is calculated from his total remuneration, which includes regular hourly wages and bonus compensation.

51.     Plaintiff and Class Members routinely worked more than forty (40) hours per week for Defendants.

52.     Defendants paid Plaintiff and Class Members piece rate and bonus, but paid no compensation for any hours after forty (40) in each work week.

53.     Defendants did not even try to calculate or pay Plaintiff and Class Members any overtime premium.

54.     Plaintiff and Class Members were nonexempt employees under the guidelines of the FLSA.

55.     As nonexempt employees, Plaintiff and Class Members were legally entitled to be paid at one and one-half times his "regular rate" for all hours worked in excess of forty (40) per workweek. See, 29 U.S.C. § 207(a).

56.     Defendants failed to pay Plaintiff and Class Members overtime.

57.     Defendants failed to pay Plaintiff and Class Members for all hours worked. (i.e., travel time)

58.     Defendants has not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

59.     Plaintiff is entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## VII. OVERTIME VIOLATION UNDER THE NEW MEXICO MINIMUM WAGE ACT

60.     By failing to pay Plaintiff and the Class Members overtime at 1 and ½ times their regular rates, Defendants violated the NMMWA.

61.     Defendants owe Plaintiff and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

62.     Defendants knew, or showed reckless disregard for whether, its failure to pay overtime violated the NMMWA.

63.     Defendants' failure to pay overtime to Plaintiff and the Class Members is willful.

64.     Defendants owe Plaintiff and the Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

65.     Plaintiff and the Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## VIII. COLLECTIVE ACTION ALLEGATIONS

66.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices SMOB imposed on Plaintiff were similarly imposed on the Class Members.

67.     Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

68.     Numerous other employees who worked with Plaintiff have indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

69.     Based on his experiences and tenure with SMOB, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the Class Members.

70.     The Class Members all received bonuses that were not included in the calculation of their regular rate and the overtime rate.

71.     The Class Members were not paid overtime for any hours worked over 40 in a week.

72.     The Class Members who were Crew Haulers were not paid for travel time in between job sites.

73.     Defendants' failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members.

74.     Plaintiff's experiences are therefore typical of the experiences of the Class Members.

75.     The specific job titles or precise job locations of the various Class Members do not prevent collective treatment.

76.     Plaintiff has no interests contrary to, or in conflict with, the members of the Class, as defined below. Like each member of the proposed class, Plaintiff and Class Members an interest in obtaining the unpaid overtime wages owed under federal law.

77.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78.     Absent this action, many Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

79.     Furthermore, even if some of the Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

80.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

81.     The class of similarly situated employees ("Class Members") consists of:

**All CREW MEMBERS, CREW HAULERS, AND PIPE INSPECTORS EMPLOYED BY SMOB, LLC IN THE PAST THREE (3) YEARS WHO (1) claim they were misclassified as exempt from overtime compensation and now seek payment for overtime hours worked; and/or (2) were compensated on any basis where they were not properly paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per workweek**

82.     A subclass of similarly situated employees ("Class Members- Drivers") consists of:

**All CREW HAULERS EMPLOYED BY SMOB, LLC IN THE PAST THREE (3) YEARS WHO WERE NOT PAID FOR TRAVEL TIME BETWEEN JOB SITES.**

83.     The questions of law and fact common to each of the Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.   Whether Defendants employed Class Members within the meaning of the applicable federal statutes, including the FLSA and NMMWA;

    b.   Whether Defendants misclassified Plaintiff and Class Members as exempt from the FLSA's overtime provisions;

    c.   Whether Defendants improperly excluded bonuses paid to the Class Members from the computation of the regular rate and overtime pay;

    d.   Whether Defendants improperly excluded travel time from hours worked of employees; and

    e.   Whether Defendants' violation of the FLSA was willful.

84.     Plaintiff's claims are typical of the Class Member's claims. Plaintiff, the Class Members with FLSA claims have sustained damages arising out of SMOB's illegal and uniform employment policy.

85.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

86.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## IX.
## JURY DEMAND

87. The Plaintiff hereby demands a jury trial.

## X.
## PRAYER

WHEREFORE, the Plaintiff requests that this Court award them judgment against Defendants for the following relief:

a.     A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff and Class Members overtime pay at one and one half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b.     Damages for the full amount of their unpaid overtime compensation;

c.     An equal amount as liquidated damages;

d.     Reasonable attorney's fees, costs, and expenses of this action;

e.     Such other and further relief as may be allowed by law.


Respectfully submitted,

TRAN LAW FIRM L.L.P.


/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787

9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile

**ATTORNEY FOR PLAINTIFFS**